IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID WILLIAMS, SR., #B83970,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-01114-SMY |
| ) | |
| **OFFICER DIERCKS,** ) | |
| **OFFICER MAHAN,** ) | |
| **JEREMY WALKER, and** ) | |
| **WARDEN, RANDOLPH COUNTY JAIL,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff David Williams, Sr., an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts claims of excessive force and denial of medical care and seeks monetary damages (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Officer Diercks[1] responded to a report of a home invasion on February 1, 2020 shortly after midnight. Plaintiff was

---

[1] Plaintiff named "Officer Diercks" as a defendant and refers to "Officer Dierck" in his statement of claim. Construing the Complaint liberally, the Court will treat "Officer Diercks" and "Officer Dierck" as the same person.

standing outside with two women with whom he had relationships. One woman, Brandy Dilli, was yelling and upset with Plaintiff because he was visiting the other women. When Officer Diercks questioned Plaintiff and the women, Dilli reported that Plaintiff had hit her and asked the officer to arrest him. Plaintiff told the officer that he had not hit Dilli. Without warning, Officer Diercks violently forced Plaintiff to the ground. While Plaintiff was laying on the ground handcuffed, Officer Diercks tasered him multiple times including once in the face. Officer Diercks then charged Plaintiff with aggravated battery of a police officer.

While Plaintiff was in custody at the Randolph County Jail, he requested medical care for the injuries he incurred during the arrest, including facial wounds, wrist injuries, and lower back pain. He did not receive treatment for his injuries.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Fourth Amendment claim against Officer Diercks for use of excessive force against Plaintiff during his arrest on February 1, 2020.

Count 2: Fourteenth Amendment claim for the denial of medical care while Plaintiff was detained at the Randolph County Jail for injuries Plaintiff incurred as a result of the excessive force used during his arrest on February 1, 2020.
.
Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Preliminary Dismissals**

Plaintiff names Officer Mahan, Jeremy Walker, and the Warden of the Randolph County

2

Jail as defendants, but there are no allegations against these individuals in the statement of claim. Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual.  Merely naming a party in the caption of a Complaint is not enough to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Further, to state a §1983 claim, a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right.  *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.").  Absent any allegations describing what each of these individuals did or failed to do in violation of Plaintiff's constitutional rights, they must be dismissed.  Also, to the extent Plaintiff seeks to hold the Warden of the Randolph County Jail responsible for the actions of his subordinates, he fails to state a claim against the Warden.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding a government official may not be held liable under Section 1983 on a theory of *respondeat superior* based on the unconstitutional conduct of a subordinate).  Accordingly, Officer Mahan, Jeremy Walker, and the Warden of the Randolph County Jail will be dismissed without prejudice for failure to state a claim for relief.

### Discussion

### Count 1

A claim that a law enforcement officer used excessive force during a stop, arrest, or other seizure is analyzed under the Fourth Amendment's reasonableness standard.  *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018).  What is considered reasonable or excessive force turns on the totality of the circumstances viewed from the standpoint of a "reasonable officer on

the scene." *Id.* At this stage, the allegations in the Complaint are sufficient for an excessive force claim to proceed against Officer Diercks.

## Count 2

Plaintiff fails to associate any defendant with his claim that he was denied medical care when he requested it at the Randolph County Jail. As such, Count 2 will be dismissed for failure to state a claim for relief.

## Disposition

The Complaint survives preliminary review under 28 U.S.C. § 1915A(a) in part. Count 1 will proceed against Officer Diercks. Count 2 and Officer Mahan, Jeremy Walker, and the Warden of Randolph County Jail are **DISMISSED without prejudice** for failure to state a claim. The Clerk of Court is **DIRECTED** to **TERMINATE** Mahan, Walker, and the Warden as defendants in this action**.**

The Clerk of Court shall prepare for Officer Diercks: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above

or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  March 15, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve the Defendant with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.